DAVID A. HUBBERT
Deputy Assistant Attorney General

ISAAC M. HOENIG
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 307-5963
Fax: (202) 307-0054
Isaac.m.hoenig@usdoj.gov

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>WAI MAN CHAN;<br>TIM HOU SOU;<br>WAI MAN CHAN AND TIM HOU SOU, AS<br>TRUSTEES OF THE CHAN/SOU FAMILY<br>TRUST, U.D.T., DATED MAY 28, 2007;<br>EAST WEST BANK;<br>CALIFORNIA FRANCHISE TAX BOARD;<br>CITY AND COUNTY OF SAN FRANCISCO,<br>CALIFORNIA<br><br>        Defendants. | Case No.<br><br>**COMPLAINT TO REDUCE<br>FEDERAL TAX ASSESSMENTS TO<br>JUDGMENT AND FORECLOSE<br>FEDERAL TAX LIENS** |

The United States of America complains and alleges as follows:

## NATURE OF ACTION

1.      This is a civil action brought by the United States to:

    a.   Reduce to judgment outstanding federal income tax assessments against

    Defendant Wai Man Chan.

    b.   Determine that Wai Man Chan and Tim Hou Sou hold title to and are the true

    owner of a parcel of real property located at 2487 33rd Avenue, San Francisco,

California 94116, described more completely below and referred to as the "Subject Property."

    c.   Determine that Wai Man Chan, as a Trustee of the Chan/Sou Family Trust holds title to the Subject Property as alter-ego and/or nominee of Wai Man Chan, individually.

    d.   Determine that the transfer of the Subject Property from Wai Man Chan and Tim Hou Sou to Wai Man Chan and Tim Hou Sou, as Trustees of the Chan/Sou Family Trust is fraudulent and voidable under the California Uniform Voidable Transactions Act. Cal. Civ. Code § 3439 *et seq.*

    e.   Foreclose federal tax liens on the Subject Property.

## JURISDICTION AND VENUE

2.    This action is commenced pursuant to 26 U.S.C. § 7401 at the direction of the Attorney General of the United States and with the authorization and request of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

3.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

4.    Venue properly lies in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1396, because it is the district where the liability for the taxes at issue accrued and where the real property at issue is located.

## DEFENDANTS

5.    Wai Man Chan is named as a defendant because he individually owes federal income taxes and holds an interest in the Subject Property. On information and belief, Wai Man Chan resides in Macau, China.

Complaint

2

6.      Tim Hou Sou is named as a defendant pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the Subject Property. On information and belief, Tim Hou Sou resides in Macau, China.

7.      On or around May 28, 2007, Wai Man Chan and Tim Hou Sou established the Chan/Sou Family Trust.

8.      Wai Man Chan and Tim Hou Sou, as trustees of the Chan/Sou Family Trust, U.D.T., dated May 28, 2007, are named as defendants pursuant to 26 U.S.C. § 7403(b) because they may claim an interest in the Subject Property on behalf of the Chan/Sou Trust.

9.      East West Bank is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

10.      The State of California, Franchise Tax Board is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

11.      The City and County of San Francisco, California is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

## THE SUBJECT PROPERTY

12.      This action concerns one parcel of real property located in San Francisco County, California and referred to as the "Subject Property." The Subject Property is located at 2487 33rd Avenue, San Francisco, California 94116, and is more particularly described as follows:

Land referred to in this report is described as all that certain property situated in San Francisco in the County of San Francisco, and State of California and being described in a Quit Claim Deed dated May 28, 2007 and recorded May 29, 2007 in Book J400 . Page 0227 among the Land Records of the County and State set forth above, and referenced as follows:

BEGINNING at a point on the Westerly line of 33rd Avenue, distant thereon 50 feet Northerly from the Northerly line of Ulloa Street; running thence Northerly along the said line of 33rd Avenue 25 feet; thence at a right angle Westerly 82 feet 6 inches; thence at a right angle Southerly 25 feet: thence at a right angle Easterly 82 feet 6 inches to the point of beginning. BEING a portion of Outside Land Block No. 1164.

PARCEL NO. 2392-017-A

Complaint

13.     On or around February 28, 2006 Wai Man Chan and Tim Hou Sou acquired the Subject Property via Grant Deed.

14.     Wai Man Chan and Tim Hou Sou are settlors and trustees of the Chan/Sou Family Trust and both retain the power to revoke the Chan/Sou Family Trust.

15.     On or around May 28, 2007, Wai Man Chan and Tim Hou Sou transferred the Subject Property to Wai Man Chan and Tim Hou Sou, as Trustees of the Chan/Sou Family Trust, U.D.T., dated May 28, 2007, via Quit Claim Deed for no consideration.

**WAI MAN CHAN'S TAX LIABILITIES AND TAX LIENS**

16.     In 2007 and 2009, Wai Man Chan sold real estate located in the United States and generated significant income.

17.     Wai Man Chan failed to file an income tax return for the 2007 and 2009 tax years.

18.     On July 11, 2012, the IRS sent Wai Man Chan a Notice of Deficiency providing notice of proposed assessments of income tax and penalties for the 2007 tax year based upon income from the sale of real estate, rents, and taxable interest.

19.     On July 16, 2012, the IRS sent Wai Man Chan a Notice of Deficiency providing notice of proposed assessments of income tax and penalties for the 2009 tax year based upon income from the sale of real estate, rents, and taxable interest.

20.     On the dates detailed below, a delegate of the Secretary of the Treasury made timely and proper assessments for unpaid individual income taxes against Wai Man Chan as follows:

//

//

//

//

Complaint

| Tax | Period | Assessment Date | Assessed Amount | Outstanding Balance as of March 31, 2022 |
|------|--------|-----------------|-----------------|------------------------------------------|
| 1040 | 2007 | 12/03/2012 | $751,231.00 | $1,598,667.77 |
| 1040 | 2009 | 12/17/2012 | $136,156.00 | $289,610.88 |
| | | | TOTAL | $1,888,278.65 |

*Table 1: Federal Income Tax Assessments against Wai Man Chan*

21.     Notice and demand for payment of the assessments described in paragraph 20, above, was timely provided to and made upon Wai Man Chan.

22.     Despite timely notice and demand for payment, Wai Man Chan neglected, failed, and/or refused to fully pay the amounts set forth in paragraph 20, above.

23.     Wai Man Chan owes $1,888,278.65 on the assessments described in paragraph 20, above, plus statutory interest and other additions running from March 31, 2022, as provided by law less any payments or credits.

24.     Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States upon all property and rights to property belonging to Wai Man Chan as of the date of each assessment set forth in paragraph 20.

25.     The federal tax liens discussed in paragraph 24 attach to all property and rights to property held by Wai Man Chan including Wai Man Chan's nominees and alter-egos. *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51 (1977)*; see also Towe Antique Ford Foundation v. I.R.S.*, 999 F.2d 1387 (9th Cir. 1993).

26.     To provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded the following Notices of Federal Tax Liens ("NFTLs") against Wai Man Chan with the San Francisco Assessor-Recorder as set forth below:

//

Complaint

| Period (Form) | Filed Against | Dated Recorded | Lien Number |
|---|---|---|---|
| 2007 (1040)<br><br>2009 (1040) | Wai Man Chan | 06/20/2013 | Doc-2013-J690399-00 |

*Table 2: Notices of Federal Tax Lien*

## COUNT 1

**Reduce to Judgment Federal Income Tax Assessments against Wai Man Chan**

27.     The United States incorporates paragraphs 1 through 26 by reference as if fully set forth here.

28.     The United States is entitled to judgment against Wai Man Chan for unpaid federal taxes and penalties in the sum of $1,888,278.65 plus statutory interest and other additions running from March 31, 2022, as provided by law less any payments or credits.

## COUNT 2

**Determine that Wai Man Chan owns the Subject Property through the Chan/Sou Family Trust**

29.     The United States incorporates paragraphs 1 through 28 by reference as if fully set forth here.

30.     If the settlor of a trust retains the power to revoke the trust in whole or in part, the trust property is subject to the claims of creditors of the settlor to the extent of the power of revocation during the lifetime of the settlor. Cal. Prob. Code § 18200.

31.     Wai Man Chan and Tim Hou Sou are each settlors of the Chan/Sou Family Trust.

32.     Pursuant to the terms of the Chan/Sou Family Trust, Wai Man Chan and Tim Hou Sou each retain authority to revoke the trust.

33.     The Subject Property is nominally held by Wai Man Chan and Tim Hou Sou, as Trustees of the Chan/Sou Family Trust.

Complaint

34.     Based upon the foregoing, and because Wai Man Chan is a settlor of and retains the power to revoke the Chan/Sou Family Trust, the United States is entitled to a declaration that Wai Man Chan is a true and beneficial owner of the Subject Property, and that as a consequence, the United States' tax liens described in paragraph 24 encumber the Subject Property.

## COUNT 3

**Determine that Wai Man Chan, as a Trustee of the Chan/Sou Family Trust, Holds Title to the Subject Property as Alter-Ego and/or Nominee of Wai Man Chan, Individually, and Determine that the Chan/Sou Family Trust is a Sham Trust**

35.     The United States incorporates paragraphs 1 through 34 by reference as if fully set forth here.

36.     The United States seeks a finding by the Court that Wai Man Chan, as Trustee of the Chan/Sou Family Trust, holds title to the Subject Property as the alter-ego and/or nominee of Wai Man Chan, individually, and that the Chan/Sou Family Trust is a sham trust, and that accordingly, Wai Man Chan, individually is the true and beneficial owner of the Subject Property.

37.     Wai Man Chan rents the Subject Property to tenants.

38.     The tenants' lease agreement for the Subject Property dated January 9, 2018., provides that rent for the Subject property is paid to Wai Man Chan.

39.     Wai Man Chan is listed as the landlord of the Subject Property on the tenants' lease agreement for the Subject Property dated January 9, 2018.

40.     Wai Man Chan and Tim Hou Sou transferred the Subject Property to Wai Man Chan and Tim Hou Sou, as Trustees of the Chan/Sou Family Trust for no consideration.

41.     On information and belief, since 2007, the Chan/Sou Family Trust has filed no income tax returns for estates and trusts (Form 1041).

Complaint

42.     The Chan/Sou Family Trust is a sham trust, nominee, or alter-ego of Wai Man Chan.

43.     Wai Man Chan as a Trustee of the Chan/Sou Family Trust holds only nominal legal title to the Subject Property.

44.     Wai Man Chan, as a Trustee of the Chan/Sou Family Trust is the nominee or alter egos of Wai Man Chan, individually.

45.     Based upon the foregoing, the United States is entitled to a finding that Wai Man Chan, individually, is the true and beneficial owner of the Subject Property, and that as a consequence, the federal tax liens described in paragraph 24 encumber the Subject Property.

## COUNT 4

**Determine that the Transfer of the Subject Property from Wai Man Chan and Tim Hou Sou to Wai Man Chan and Tim Hou Sou, as Trustees of the Chan/Sou Family Trust is Void under the California Uniform Voidable Transactions Act. Cal. Civ. Code. § 3439 *et seq.***

46.     The United States incorporates paragraphs 1 through 45 by reference as if fully set forth here.

47.     Wai Man Chan and Tim Hou Sou transferred the Subject Property to Wai Man Chan and Tim Hou Sou, as Trustees of the Chan/Sou Family Trust with the intent to hinder, delay, or defraud creditors including the United States.

48.     Wai Man Chan and Tim Hou Sou received no consideration in exchange for transferring the Subject Property to Wai Man Chan and Tim Hou Sou, as Trustees of the Chan/Sou Family Trust.

49.     At the time Wai Man Chan and Tim Hou Sou transferred the Subject Property to Wai Man Chan and Tim Hou Sou, as Trustees of the Chan/Sou Family Trust Wai Man Chan reasonably should have believed that he would incur debts beyond his ability to pay as they

Complaint

became due because on or about April 26, 2007 and June 7, 2007, he sold real property, which resulted in Wai Man Chan receiving over $2,000,000 in taxable proceeds.

50.     The transfer of the Subject Property from Wai Man Chan and Tim Hou Sou to Wai Man Chan and Tim Hou Sou, as Trustees of the Chan/Sou Family Trust was to an insider.

51.     Wai Man Chan retained control of the Subject Property after purporting to transfer it to Wai Man Chan and Tim Hou Sou, as Trustees of the Chan/Sou Family Trust.

52.     As such, the transfer of the Subject Property from Wai Man Chan and Tim Hou Sou to Wai Man Chan and Tim Hou Sou, as Trustees of the Chan/Sou Family Trust is void as to the United States and should be set aside pursuant to Cal. Civ. Code § 3439.04(a)(2).

53.     In the alternative, the transfer of the Subject Property from Wai Man Chan and Tim Hou Sou to Wai Man Chan and Tim Hou Sou, as Trustees of the Chan/Sou Family Trust is void as to the United States and should be set aside pursuant to Cal. Civ. Code § 3439.04(a)(1) because Wai Man Chan and Tim Hou Sou purported to transfer the Subject Property with actual intent to hinder, delay, or defraud the United States.

54.     The United States is entitled to a finding that the transfer of the Subject Property from Wai Man Chan and Tim Hou Sou to Wai Man Chan and Tim Hou Sou, as Trustees of the Chan/Sou Family Trust is set aside as void as to the United States, that Wai Man Chan and Tim Hou Sou are the true and beneficial owners of the Subject Property, and that as a consequence, the federal tax liens described in paragraph 24 encumber the Subject Property.

## COUNT 5

### Foreclose Federal Tax Liens on the Subject Property

55.     The United States incorporates paragraphs 1 through 54 by reference as if fully set forth here.

Complaint

56.     The United States' tax liens encumber all property and rights to property of the Chan/Sou Family Trust for the reasons stated in paragraphs 34, 45, and 54.

57.     The Subject Property, and all fixtures thereon, is encumbered by the United States' tax liens for the unpaid tax assessments described in paragraph 20 above.

58.     The United States' tax liens arising from the assessments described in paragraph 20 above have priority over all interests in the Subject Property acquired after the attachment of the United States' tax liens subject to the provisions of 26 U.S.C. § 6323.

59.     The United States' tax liens arising from the assessments against Wai Man Chan described in paragraph 20 above continue to attach to the Subject Property.

60.     Pursuant to 26 U.S.C. § 7403(c), the United States is entitled to an order foreclosing its tax liens against the Subject Property and a decree of sale of the Subject Property to enforce its tax liens and pay the unpaid federal tax liabilities described in paragraph 20.

## **REQUEST FOR RELIEF**

WHEREFORE, the United States respectfully requests that the Court:

A.     Enter judgment in favor of the United States and against Wai Man Chan for unpaid federal income tax (Form 1040) liabilities for the 2007 and 2009 tax years in the total amount of $1,888,278.65 plus statutory interest and other additions running from March 31, 2022, as provided by law less any payments or credits;

B.     Determine that the United States' tax liens attach to the Subject Property because Wai Man Chan, individually owns the Subject Property through the Chan/Sou Family Trust and Wai Man Chan, individually is the true and beneficial owner of the Subject Property.

C.     Determine that the United States' tax liens attach to the Subject Property because Wai Man Chan, as a Trustee of the Chan/Sou Family Trust holds title to the Subject Property as

10

Complaint

1   the nominee or alter ego of Wai Man Chan, individually and because the Chan/Sou Family Trust

2   is a sham trust.

3           D.      Determine that the United States' tax liens attach to the Subject Property because

4   the transfer of the Subject Property from Wai Man Chan and Tim Hou Sou to Wai Man Chan

5   and Tim Hou Sou, as Trustees of the Chan/Sou Family Trust is set aside as void as to the United

6   States pursuant to Cal. Civ. Code § 3439 *et seq* and because Wai Man Chan, individually is the

7   true and beneficial owner of the Subject Property.

8           E.      Order that the United States' tax liens be foreclosed upon the Subject Property,

9   that the Subject Property be sold, and that the proceeds from the sale be distributed to the United

10  States and all other parties in the respective priority of the liens and claims of all parties;

11          F.      Order that, to the extent the proceeds from the sale of the Subject Property fail to

12  satisfy the tax liabilities assessed against Wai Man Chan, a deficiency judgment be entered

13  against him; and

14          G.      Award the United States its costs and such other relief as is just and proper.

15  Dated: May 12, 2022

16                                          Respectfully submitted,

17                                          DAVID A. HUBBERT
                                            Deputy Assistant Attorney General
18
                                            */s/ Isaac M. Hoenig*
19                                          Trial Attorneys, Tax Division
                                            U.S. Department of Justice
20                                          P.O. Box 683, Ben Franklin Station
                                            Washington, D.C. 20044-0683
21                                          (202) 307-5963
                                            (202) 307-0054(f)
22                                          Isaac.M.Hoenig@usdoj.gov

23

24

25

Complaint